COLEMAN & COMPANY vs. JENKINS.

When one gets his due ignorantly, if he is not hurt by his ignorance, it is the same as if he acted with knowledge. Thus, where a negotiable promissory note was transferred before maturity as collateral security, and was afterwards paid off in property, not to the holder, but to the payee, who collected without authority, and who, after converting the property into money, transmitted the proceeds to the holder as his own money, and the holder applied the same to the secured debt only, not applying it also to the collateral, and not knowing that he was dealing with a fund derived from the collateral; this was a discharge of the collateral debt notwithstanding such ignorance on the part of the holder.

April 18, 1887.

Promissory Notes. Negotiable Instruments. Debtor and Creditor. Payment. Before Judge LAWSON. Baldwin Superior Court. July Adjourned Term, 1886.

Reported in the decision.

WHITFIELD & ALLEN; J. H. LUMPKIN, for plaintiffs in error.

D. B. SANFORD, for defendant.

BLECKLEY, Chief Justice.

In May, 1884, Jenkins made his note for $135.00 to Palmer or bearer, due in November thereafter, and gave a mortgage upon land to secure it. Palmer being indebted to Coleman & Co. in the sum of $2,700, delivered to them this note and mortgage, with various others, as collateral security, the delivery being made before maturity of the note and mortgage. Jenkins was not informed of this disposition of his paper, and thinking that Palmer was still the holder, paid off the same to Palmer in cotton during the fall of 1884. Palmer converted the cotton into money, and remitted the same (not separately, but in a check for a larger sum) to them, which check they received and

credited to him on his indebtedness. He did not inform them that he had collected anything from Jenkins, and they were not otherwise aware of the fact, nor did he have authority from them to make the collection. After the collateral note matured and was thus paid off to Palmer, and while a balance of $1,600 was still due from Palmer to Coleman & Co., they commenced statutory proceedings against Jenkins to foreclose the mortgage. To these proceedings Jenkins pleaded payment. On the trial, the facts above stated appeared in evidence, and a verdict was rendered for Jenkins. Coleman & Co. moved for a new trial, and the motion being overruled, this writ of error was brought.

The question is, whether the payment to Palmer in cotton, together with his remittance to Coleman & Co. of the proceeds of the cotton so paid, discharged the debt as between Jenkins, the mortgagor, and Coleman & Co., the holders of the note and mortgage. It will be perceived that there was no new credit given to Palmer in consequence of this collateral. There was no increase of the debt for which it was pledged to Coleman & Co., but that debt remained the same, except in so far as it was reduced by the proceeds of this very collateral, together with other payments made by Palmer. If, therefore, Coleman & Co. had known that this money came from Jenkins, they would have made precisely the application of it that they did make. It would have gone to reduce Palmer's debt to them, as it did go. The only difference is that, had all the facts been known, they would have credited it to Jenkins as well as to Palmer. The collateral was pledged on the debt as a whole, and not to secure any particular part of it, and the payment was applied in reduction of the whole debt, and did not leave Coleman & Co. less secure as to any particular part of it than they were before. Moreover, there is no suggestion that the money derived from sale of the cotton was less than the full amount of the debt Jenkins owed. And all this money was covered by the check remitted by Palmer to Coleman & Co.

Now, there is high authority for saying that

"He that is robbed, not knowing what is stolen,
Let him not know it, and he's not robbed at all."

This, though good dramatic law, would perhaps not hold in real life. But another less poetic proposition is both sound and applicable to business: "He that thinks he is robbed, but having in his own purse what he thought was stolen, is not robbed at all." When one gets his due ignorantly, if he is not hurt by his ignorance, it is the same as if he acted with knowledge. Thus, where a negotiable promissory note was transferred before maturity as collateral, and was afterwards paid off in property, not to the holder, but to the payee, who collected without authority, and who, after converting the property into money, transmitted the proceeds to the holder as his own money, and the holder applied the same to the secured debt only, not applying it also to the collateral, and not knowing that he was dealing with a fund derived from the collateral, this was a discharge of the collateral debt, notwithstanding such ignorance on the part of the holder.

Judgment affirmed.